IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE JORGE HERRERA LOPEZ,

    Petitioner,

v.                                                                              No. 2:26-cv-0279 SMD/GJF

KRISTI NOEM, Secretary, U.S. Department
Of Homeland Security; PAMELA BONDI,
U.S. Attorney General; MARY DE ANDA-YBARRA,
Field Officer Director of Enforcement and Removal
Operations, El Paso Field Office, Immigration and Customs
Enforcement; and DORA CASTRO, WARDEN,
Otero County Processing Center,

    Respondents.[1]

## ORDER TO ANSWER AND PROHIBITING TRANSFER OUT OF DISTRICT

Before the Court is Petitioner Jose Jorge Herrera Lopez' *pro se* Letter-Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) (Petition), filed on February 5, 2026. Petitioner is detained at the Otero County Processing Center in Chaparral, New Mexico. He states that he is a citizen of Cuba and arrived in the United States on March 22, 2021 under humanitarian parole (Form I-94). (Doc. 1) at 1. An immigration judge issued an order of removal on June 7, 2023, after which Petitioner applied for lawful permanent residence under the Cuban Adjustment Act. *Id.* He was detained on May 14, 2025 after voluntarily appearing at an interview related to his pending application. He has been in Immigration and Customs Enforcement (ICE) custody

---

[1] The opening pleading lists U.S. Immigration and Customs Enforcement as Respondent. The Court adds the above-mentioned parties as Respondents in this case. *See Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases"); *Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper party respondent in a habeas case).

and transferred between detention facilities since that date, and he has not received a bond hearing. *Id.* He further alleges that the Government attempted to remove him to Mexico on or about November 17, 2025, but was unable to do so. *Id.* Petitioner has also filed a Letter-Pleading titled "Emergency Motion for Immediate Release, or in the Alternative, for an Expedited Bond Hearing." (Doc. 2) (Motion for Immediate Release). He seeks a stay of any removal or transfer actions by ICE, and his immediate release from custody or an expedited bond hearing before an immigration judge. (Doc. 2) at 1.

Petitioner alleges he has been in detention since May 14, 2025, which exceeds the presumptively reasonable immigration detention period of six months. *See Zadvydas v. Davis*, 533 U.S. 678 (2001) (establishing the six-month period). The alleged facts are sufficient to survive initial review under Habeas Rule 4. *See Zadvydas*, 533 U.S. at 701 (after a "6-month period, once the [petitioner] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut [th]e showing" that the custody is unconstitutional). Accordingly, the Court will order Respondents to answer the Petition (Doc. 1) and Motion for Immediate Release (Doc. 2).

The Clerk's Office has electronically served the Petition on Respondents via CM/ECF. *See* Doc. 3. The United States Attorney's Office (USAO) shall answer the Petition (Doc. 1) and Motion for Immediate Release (Doc. 2) within 10 business days of entry of this Order and show cause why the requested relief should not be granted. *See* Habeas Rules 1(b), 4 (courts have discretion to set a time for respondents to answer a habeas petition). If the USAO declines to timely respond, the Court may enter a separate order granting a bond hearing or release from custody. Petitioner may file an optional reply within 10 business days after the answer brief is

filed. The Court will also enjoin Respondents from transferring Petitioner out of the District of New Mexico while these proceedings are pending, or until further order of this Court.

**IT IS ORDERED** that the USAO shall **ANSWER** the Petition (Doc. 1) and Motion for Immediate Release (Doc. 2) within 10 business days of entry of this Order and show cause why the requested relief should not be granted. Petitioner may file an optional reply within 10 business days after the response is filed.

**IT IS FURTHER ORDERED** that the Government is enjoined from transferring Petitioner from the District of New Mexico while these proceedings remain pending, absent express written authorization from this Court.

**IT IS FINALLY ORDERED** that the Clerk's Office shall **UPDATE** the case caption to match the party Respondents added/substituted via this Order.

_____
SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE